NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

LALI V.,
*Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, A.C.,
*Appellees.*

No. 1 CA-JV 16-0023
FILED 7-12-2016

Appeal from the Superior Court in Maricopa County
No.  JD 28327
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Amber E. Pershon
*Counsel for Appellee, Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Donn Kessler joined.

---

**O R O Z C O**, Judge:

¶1 Lali V. (Mother) appeals from the juvenile court's order terminating her parental rights to A.C. (Child).[1] For the following reasons, we affirm.

## FACTS[2] AND PROCEDURAL HISTORY

¶2 Mother has an eight-year history of using heroin and methamphetamine, but has had periods of sobriety. Mother learned that she was pregnant in January 2014 and tested positive for heroin and methamphetamine in February 2014. When Child was born in April 2014 she tested positive for opiates and methadone and suffered from "significant withdrawals at the time of her birth." As a result of Mother's drug abuse, the Department of Child Safety (DCS) filed a dependency petition in May 2014. The juvenile court found Child dependent as to Mother.

¶3 DCS provided Mother reunification services including referrals to Terros and TASC, parent aides and individual counseling. Mother initially participated in services beginning in May 2014, but her participation declined after Father was incarcerated in October 2014. Mother relapsed and resumed using drugs from October 2014 to November 2015. The case manager provided her over ten referrals to TASC and gave Mother money to obtain a photo identification to facilitate drug testing, but Mother did not follow through. Sometimes, Mother showed up intoxicated for visits with Child and her visits with Child were ultimately terminated

---

[1] Father's rights were also terminated, but he is not a party to this appeal.

[2] "We view the evidence in the light most favorable to sustaining the [juvenile] court's ruling." *Calvin B. v. Brittany B.*, 232 Ariz. 292, 296, ¶ 17 (App. 2013).

because Mother did not call to confirm the visits. Also, Mother had not taken a drug test since October 2014.

¶4　　　In March 2015, the State petitioned to terminate Mother's parental rights to Child. A contested severance hearing was held in December 2015. Mother's case manager testified about her concern that Mother would relapse. The case manager further testified that Mother had not completed most of the services offered by DCS and Mother's inability to remain sober posed a safety risk for Child. Furthermore, Mother had not seen Child since January 2015.

¶5　　　DCS presented testimony that Child is thriving in a licensed foster home and bonding with the placement. According to the evidence, Child is adoptable, the foster home is an adoptive placement, and even if this placement were unable to adopt, another placement could be located.

¶6　　　The juvenile court granted severance, finding termination proper under Arizona Revised Statutes (A.R.S.) sections 8-533.B.3, prolonged drug abuse and B.8(a) and (c), length of time in care. The juvenile court also found that severance was in Child's best interests because:

> [C]hild is thriving in her foster care placement. That family is prepared to proceed with adoption. This would afford [Child] permanency and continued stability. Even if that family cannot proceed with the adoption, [Child] is adoptable.

¶7　　　Mother timely appealed and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 8-235.A, 12-120.21.A.1, and -2101.A (West 2016).[3]

## DISCUSSION

¶8　　　We review the termination of parental rights for an abuse of discretion and will affirm if the termination is supported by sufficient evidence. *Calvin B. v. Brittany B.*, 232 Ariz. at 296, ¶ 17. To justify termination of the parent-child relationship, the juvenile court must find at least one of the statutory grounds set out in A.R.S. § 8-533.B, and also that termination is in the child's best interests. *Linda V. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 76, 78, ¶ 6 (App. 2005). Mother does not challenge the

---

[3]　　　We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

grounds for termination; therefore, we only consider whether severance was in Child's best interests.

**¶9**          To establish a child's best interests, the juvenile court must find "either that the child will benefit from termination of the relationship or that the child would be harmed by continuation of the parental relationship." *James S. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 351, 356, ¶ 18 (App. 1998). "[A] preponderance of the evidence must demonstrate that termination is in the best interests of the child." *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010).

**¶10**          Mother argues that the order terminating the parent-child relationship did not make the required findings of fact and conclusions of law. Specifically, Mother contends that the juvenile court failed to "(1) conclude that termination would result in a benefit for [Child], or (2) conclude that to not terminate would result in a detriment to [Child]." Additionally, Mother argues that the court did not make findings of fact "with respect to *how* [Child] would benefit from a severance or be harmed by continuation of the relationship."

**¶11**          When evaluating a child's best interests, the juvenile court may consider whether an adoptive placement is immediately available, whether the existing placement is meeting the child's needs, and whether the child is adoptable. *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 30 (App. 2010). Here, DCS presented evidence that Child is thriving in a licensed foster home, Child is adoptable and the foster family is prepared to proceed with adoption. In its order, the juvenile court cited the appropriate legal authorities in noting that a best interest finding must be based on evidence "that the child will benefit from termination of the relationship or that the child would be harmed by continuation of the parental relationship." The juvenile court then found that Child is thriving in her placement and that adoption "would afford [Child] permanency and continued stability." *See Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 179-80, ¶ 21 (App. 2014) (finding that stability and permanency support a best interests finding). We therefore find that the juvenile court made sufficient findings.

## CONCLUSION

**¶12** For the foregoing reasons, we affirm the juvenile court's order terminating Mother's parental rights.



Ruth A. Willingham · Clerk of the Court
FILED: AA